UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ANTHONY COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 15-51-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| WARDEN J. C. HOLLAND, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Anthony Collins is a prisoner at the United States Penitentiary - McCreary in Pine Knot,
Kentucky.  Collins has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241
[R. 1] and paid the filing fee.  [R. 4]

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243;
*Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court
must deny the petition "if it plainly appears from the petition and any attached exhibits that the
petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United
States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates
Collins' petition under a more lenient standard because he is not represented by an attorney.
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).
At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims
are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56
(2007).

On April 2, 2004, a federal grand jury sitting in Miami, Florida issued an indictment
against Collins and several others for trafficking in cocaine and for their roles in kidnapping and

beating a former compatriot and threatening his three year old godchild to extort drugs and money from him.  Following a three week trial, on July 5, 2005, a jury found Collins not guilty of Count I (conspiracy to distribute cocaine between 1994 and 2003), but guilty of Count II (October 2003 kidnapping and extortion) and Count III (conspiracy to distribute cocaine after October 2003).

Prior to sentencing, Collins objected to statements in the Presentence Investigation Report, contending that his role in the drug trafficking conspiracy only began in October 2003 and the quantity of drugs for which he could be held accountable was correspondingly limited. Nonetheless, on November 9, 2005, the trial court sentenced Collins to a 240 month term of incarceration for conspiracy to commit robbery and extortion in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and to a concurrent 300 month term of incarceration for attempting to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. 846.  *United States v. Collins*, No. 1:04-CR-20487-MGC-3 (S.D. Fla. 2004).

On direct appeal, Collins challenged only the sufficiency of the evidence to convict him. *United States v. Collins*, No. 05-16488-CC, 2007 WL 774912 (11th Cir. Feb. 27, 2007) (Brief of Appellant).  The Court of Appeals for the Eleventh Circuit affirmed Collins' convictions and sentences in their entirety on November 14, 2008.  *United States v. Collins*, 300 F. App'x 663 (11th Cir. 2008).

Collins filed a timely motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 contending that his trial counsel was ineffective on numerous grounds.  Collins' only challenge to his sentence was his contention that his appellate counsel was ineffective for failing to seek a remand to apply intervening amendments to the sentencing guidelines.  The trial court denied his § 2255 motion on November 30, 2010, but granted a certificate of appealability on all

2

issues. Exercising plenary review, the Eleventh Circuit affirmed in all respects on July 10, 2012. *Collins v. United States*, No. 1: 09-CV-23777-MGC (S.D. Fla. 2009), *aff'd*, No. 11-10311 (11th Cir. 2011). On June 17, 2015, the trial court reduced Collins' sentence under Section 1951 to 235 months incarceration pursuant to Amendment 782 to the sentencing guidelines.

In his petition, Collins contends that the abduction and robbery which formed the basis for his Hobbs Act conviction under 18 U.S.C. § 1951(a) was purely local and lacked any nexus to interstate commerce, and therefore provided no federal jurisdictional basis for his offense under the reasoning of *United States v. Lopez*, 514 U.S. 549 (1995). [R. 1, pp. 4-9] He also argues that his conviction for drug trafficking involved no more than ten kilograms of cocaine, and thus he was denied due process when the trial court sentenced him based upon responsibility for 37 kilograms. [R. 1, pp. 9-13]

The Court must deny Collins' petition because he may not pursue his claims under § 2241. A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus

3

proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

In this case, Collins' jurisdictional challenge to the robbery and extortion charge and his challenge to the sentence imposed for the drug trafficking charge are claims that he could and should have made during trial, on direct appeal or in his initial motion for relief under Section 2255. Indeed, Collins actually did object to the PSR's calculation of the drug quantity for which he was responsible prior to sentencing. Section 2241 is not an available mechanism to assert claims which could have been or actually were raised in a prior 2255 proceeding. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

4

Courts applying these rules have consistently held that a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 may not be used to mount a jurisdictional challenge to a conviction for robbery or extortion under the Hobbs Act. *Cf. Mason v. Warden Fort Dix FCI*, 2015 WL 1926275, at *2-3 (3d Cir. Apr. 29, 2015) (*citing Mason v. Zickefoose*, 425 F. App'x 90, 91-93 (3d Cir. 2011)); *Thomas v. Hastings*, No. 06-CV-110-KKC, 2006 WL 2228954, at *2-3 (E.D. Ky. Aug. 3, 2006) (holding challenge to Hobbs Act conviction under *Lopez* not cognizable under § 2241); *Rosario v. Holt*, No. 1:CV-10-0204, 2010 WL 1330339, at *2-3 (M.D. Pa. Feb. 19, 2010) (same).

Collins' separate assertion that his jurisdictional challenge to his criminal conviction may proceed under § 2241 because "jurisdictional challenges may be raised at any time" is flatly incorrect. *Cf. Carr v. Holder*, 154 F. App'x 95, 96-97 (11th Cir. 2005) ("Carr's argument that [§2255(e)'s] requirements do not apply and he may proceed under § 2241 because his claim goes to the sentencing court's jurisdiction ignores the fact that jurisdictional claims are cognizable in § 2255 proceedings. ... More importantly, it also ignores the fact that *Wofford* [*v. Scott*, 177 F. 3d 1236, 1245 (11th Cir. 1999)] involved a jurisdictional claim ... and, therefore, that decision itself establishes there is no jurisdictional exception to its requirements.").

Finally, Collins' challenge to the sentence imposed for his drug trafficking conviction, rather than the conviction itself, falls outside the locus of claims which may be considered under the savings clause found in 28 U.S.C. § 2255(e). *United States v. Peterman*, 249 F.3d 458, p462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."). This rule precludes resort to § 2241 to mount a freestanding challenge the duration of the sentence imposed. *Saccoccia v. Farley*, 573 F. App'x

5

483 (6th Cir. 2014); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).  For these reasons, Collins' habeas corpus petition must be denied.

Accordingly, **IT IS ORDERED** that:

1.      Collins' petition for a writ of habeas corpus [R. 1] is **DENIED**.

2.      The Court will enter a judgment contemporaneously with this order.

3.      This matter is **STRICKEN** from the docket.


This 16th day of July, 2015.


Signed By:

*Gregory F. Van Tatenhove*

United States District Judge

6